UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSE QUIROZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 2:12cv212 |
| ) | |
| ROBERT HALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants Robert Hall, Lana Sabata, Jessica Salley, Daniel Mitten, Mickey French, David Coulson, Roger Crafton, Larry Robertson, and Justen Illyes on May 15, 2013. The plaintiff, Jose Quiroz ("Quiroz"), filed his response on May 31, 2013, to which the defendants replied on July 5, 2013.

For the following reasons, the motion to dismiss will be granted.

Discussion

Quiroz originally filed this case against defendant United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, and against nine law enforcement agent defendants pursuant to a *Bivens* theory. On December 3, 2012, the Court dismissed Quiroz's FTCA claims against the United States, holding that plaintiff had failed to state a claim for malicious prosecution pursuant to the applicable Indiana law. The nine individual law enforcement agents are now seeking dismissal of this action.

Quiroz originally filed this case in the United States District Court for the Northern District of Illinois (NDIL). After extensive proceedings, including Quiroz's filing of two amended complaints, and defendants' production to plaintiff of voluminous document discovery, all defendants moved to dismiss Quiroz's claims in this case, and also moved to transfer the case

to this Court. On April 23, 2012, NDIL granted Quiroz's motion to transfer the case to this Court, and declined to rule on the defendants' pending motion to dismiss.

Quiroz's Second Amended Complaint alleged that the defendants arrested Quiroz for drug charges "without a shred of evidence against Mr. Quiroz." Counts I-IV of Quiroz's Second Amended Complaint alleged Quiroz's *Bivens* theory of recovery against the nine law enforcement agent defendants. Count V of Quiroz's Second Amended Complaint alleged FTCA claims against the United States. On December 3, 2012, this Court ruled on the substantive merits of defendants' motion to dismiss, granting defendant's motion to dismiss Quiroz's FTCA claims against the United States; and denying defendants' motion to dismiss Quiroz's *Bivens* claims against the nine law enforcement agent defendants. At the time defendants filed their first motion to dismiss, the motion to dismiss based on the FTCA judgment bar was not ripe. "[T]he judgment bar can be raised only after a case under the Tort Claims Act has been resolved in the Government's favor." *Will v. Hallock*, 546 U.S. 345, 354 (2006). Hence, this motion was not ripe until this Court ruled on the first motion to dismiss on December 3, 2012, and granted defendants' motion to dismiss Quiroz's FTCA claims against the United States. (Docket No. 115, Opinion and Order at 18.)

In support of their current motion to dismiss, the defendants argue that pursuant to the FTCA judgment bar in 28 U.S.C. § 2676, this Court's recent dismissal of Quiroz's FTCA claims against the United States constitutes a complete bar to Quiroz's *Bivens* claims against the nine law enforcement agent defendants. "If a federal law enforcement officer commits a tort, the victim has two distinct avenues of relief: he may pursue a constitutional tort claim against the individual officer under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

403 U.S. 388 (1971), or he may pursue a common law tort claim against the United States pursuant to the FTCA, 28 U.S.C. §§ 1346, 2671-80." *Manning v. United States*, 546 F.3d 430, 431 (7th Cir. 2008). "The latter avenue is subject to an important caveat. Under 28 U.S.C. § 2676, a judgment in an FTCA action acts as a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." *Id*.

> The judgment bar in 28 U.S.C. § 2676 provides, in its entirety, as follows:
>
>> The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

The plain language of this statutory judgment bar is "broad and sweeping," *Rodriguez v. Handy*, 873 F.2d 814, 816 (5th Cir. 1989), and the federal courts of appeals have construed the judgment bar expansively.

The defendants point out that Quiroz's *Bivens* claims against the 9 law enforcement agent defendants arise out of the same subject matter as plaintiff's FTCA claims against the United States: the alleged wrongful arrest of plaintiff. Indeed, the *Bivens* Counts I-IV and the FTCA Count V in Quiroz's Second Amended Complaint are based on exactly the same factual allegations. *Compare* Docket No. 63, Second Amended Complaint at ¶¶ 28, 32, 36, 41 (incorporating by reference all preceding factual allegations in *Bivens* Counts I-IV) *with* Docket No. 63, Second Amended Complaint at ¶ 45 (incorporating by reference the same preceding factual allegations in FTCA Count V). It does not matter that the elements of the FTCA claim differ in some respects from the elements of the *Bivens* claims; the judgment bar applies because both actions arise "by reason of the same subject matter." 28 U.S.C. § 2676; *see Arevalo v.*

*Woods*, 811 F.2d 487, 489 (9th Cir. 1987) (rejecting argument that "'same subject matter' means 'the same claim'"); *Rodriguez*, 873 F.2d at 816 ("the qualifying clause 'by reason of the same subject matter' is a reference to its factual provenance and not the character of the claim"); *Serra v. Pichardo*, 786 F.2d 237, 239 (6th Cir. 1986) (same). Accordingly, the FTCA judgment bar precludes Quiroz from pursuing his *Bivens* claims against the individual defendants because Quiroz's FTCA claims against the United States that this Court dismissed arose "by reason of the same subject matter." 28 U.S.C. § 2676.

The defendants contend that the FTCA judgment bar applies even though the Court ruled in favor of the United States regarding Quiroz's FTCA claims. In *Hoosier Bancorp of Ind., Inc. v. Rasmussen*, 90 F.3d. 180 (7th Cir. 1996), plaintiff separately filed an FTCA case and a *Bivens* case based on the same facts. *Id*. at 182. On February 10, 1995, the district court dismissed plaintiff's FTCA case. *Id.* at 182-83. On September 29, 1995, the district court dismissed the *Bivens* case, holding that the FTCA judgment bar mandated dismissal. *Id*. at 182-84. Plaintiff argued that the FTCA judgment bar only should be applied to prevent double recoveries and, therefore, should not apply to FTCA dismissals in favor of the United States. *Id*. at 184. The Seventh Circuit rejected plaintiff's argument, reasoning that the language of the statutory judgment bar did not limit the application of the judgment bar to judgments in favor of plaintiffs. *Id*. The Seventh Circuit held that "'*any* FTCA judgment, regardless of its outcome, bars a subsequent *Bivens* action on the same conduct that was at issue in the prior judgment.'" *Id*. at 185 (original emphasis) (quoting *Gasho v. United States*, 39 F.3d 1420, 1437 (9th Cir. 1994)).

The defendants further contend that the FTCA judgment bar applies even though Quiroz brought his FTCA claims and *Bivens* claims in the same case, and no final judgment has been

entered in this case. In *Williams v. Fleming*, 597 F.3d 820 (7th Cir. 2010), plaintiff Jesse Williams filed a second amended complaint asserting in the same case *Bivens* claims against defendant Jerry Fleming, a federal bank examiner, and FTCA claims against defendant United States alleging that Family Bank's denials of plaintiff's loan applications were racially motivated at the behest of Fleming. *Id*. at 821. During July 2008, the district court granted the United States' motion to dismiss plaintiff's FTCA claims on the ground that the slander exception to FTCA's reservation of sovereign immunity applied. *Id*. at 821-22. In the same case, several months later during November 2008, Fleming moved to dismiss plaintiff's *Bivens* claims against him, arguing that the FTCA judgment bar applied based on the district court's previous dismissal of plaintiffs FTCA claims. *Id*. at 822. The district court granted defendant Fleming's motion to dismiss, holding that the FTCA judgment bar precluded plaintiff's *Bivens* claims against Fleming. *Id*. The Seventh Circuit affirmed, holding that the district court's prior dismissal of plaintiff's FTCA claims in the same case was a "judgment" for purposes of the FTCA judgment bar. *Id*. at 824. The Seventh Circuit concluded that "the dismissal was on the merits, and the determination that the judgment bar prevented Williams's remaining *Bivens* action was correct." *Id*.

In the case before this Court, as in *Williams*, Quiroz filed a second amended complaint asserting both FTCA claims against the United States and *Bivens* claims against federal employees. In this case, as in *Williams*, the district court granted the United States' motion to dismiss plaintiff's FTCA claims. Thus, the judgment bar applies and Quiroz's remaining claims must be dismissed.

In response to the motion to dismiss, Quiroz makes the argument that the judgment bar

does not apply because the dismissal of his claim against the United States was a dismissal for lack of ripeness, and that dismissals on procedural grounds are not subject to the FTCA judgment bar. As the defendants point out, however, this Court's order dismissing the FTCA claim against the United States was an adjudication on the merits and was also a dismissal with prejudice.

In its opinion and order dated December 3, 2012, this Court held that Indiana law, as the law of the place where the alleged malicious prosecution occurred, applied to Quiroz's FTCA claim against the United States for malicious prosecution. (Docket No. 115, Order at 16.) This Court held that, for a malicious prosecution claim to succeed under Indiana law, "the plaintiff must establish that the dismissal of the underlying charges against him were clearly and unequivocally terminated in his favor." *Id*. at 18. The Court noted that the United States' dismissal without prejudice of the criminal charges against Quiroz "was not the result of any determination of the merits of the underlying charges." *Id*. Thus, the Court dismissed Quiroz's FTCA malicious prosecution claim against the United States, concluding that Quiroz did not meet the elements of a malicious prosecution claim under Indiana law. *Id*. In so doing, the Court did *not* state that the dismissal was without prejudice. *Cf.* Fed. R. Civ. P. 41(b) (providing that unless a "dismissal order states otherwise . . . any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits"). Hence, the Court's Order operates as a dismissal with prejudice, and an adjudication on the merits of plaintiff's substantive FTCA claim, and cannot properly be characterized as procedural. *See Farmer v. Perrill*, 275 F.3d 958, 964 (10th Cir. 2001) (holding that a dismissal with prejudice is an adjudication on the merits which is reviewable only on

6

"direct appeal or a Rule 60(a) motion for relief from that judgment").

It is clear that Seventh Circuit precedent mandates dismissal of this case because Quiroz's FTCA case was dismissed on the merits. *See Williams v. Fleming*, 597 F.3d 820 (7th Cir. 2010). In this case, as in *Williams*, the Court dismissed plaintiff's FTCA claims on the merits based on non-jurisdictional grounds: specifically, for failure to meet the elements of plaintiff's claim for malicious prosecution under the applicable Indiana law. (Docket No. 115, Order at 18.)   Accordingly, the FTCA judgment bar precludes Quiroz's remaining *Bivens* claims against the individual agent defendants.

In any event, all judgments, including dismissals on procedural grounds, are subject to the FTCA judgment bar.  In *Sanchez v. McLain*, 867 F. Supp. 2d 813 (S.D.W. Va. 2011), a federal prisoner brought an FTCA claim against the United States and a *Bivens* claim against a Bureau of Prisons (BOP) staff physician relating to medical care provided for the federal prisoner's knee. *Id.* at 823. The court dismissed plaintiff's FTCA claims for failure to file an administrative tort claim before seeking relief in the district court. *Id.* The court then held that the FTCA judgment bar precluded plaintiff's *Bivens* claim against the BOP staff physician. *Id.* Discussing the language of the FTCA judgment bar in 28 U.S.C. § 2676, the court reasoned that Congress did not modify, and thus did not limit, the word "judgment" in any manner. *Id.*; *see also Farmer v. Perrill*, 275 F.3d 958, 964 (10th Cir. 2001). The Court observed that one of the purposes of the FTCA judgment bar was to relieve the government of the "very substantial burden" of defending repetitive suits and encouraging claimants to bring claims against the United States rather than individual federal employees. *Id.* (citations and internal quotations omitted). The Court concluded that any judgment, including a dismissal for failure to exhaust

administrative remedies before seeking judicial relief, precluded a *Bivens* claim based on the same operative facts. *Id.*; *see also Freeze v. United States*, 343 F. Supp. 2d 477, 481 (M.D.N.C. 2004) (holding that the FTCA judgment bar precluded plaintiff's *Bivens* claims on the same operative facts after the court dismissed plaintiff's FTCA claims for failure to file an administrative tort claim); *Farmer v. Perrill*, 275 F.3d 958, 964 (10th Cir. 2001) (holding that any FTCA judgment, regardless of its basis, "bars *Bivens* actions arising out of the same subject matter because Section 2676 does not distinguish among types of judgments").

Therefore, even if the earlier dismissal were construed as a procedural dismissal, the FTCA judgment bar is applicable. Accordingly, the defendants' motion to dismiss will be granted.

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss [DE133] is hereby GRANTED.

Entered: August 9, 2013.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court